IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

2025 NOV 21 PM12:01

CLERK'S OFFICE USDC PR

RECEIVED AND FILED

OMAR J. OTERO ADORNO,
    Plaintiff,

v.                                Civil Action No.: 25-CV-1636
                                                    RAM

EXPERIAN INFORMATION SOLUTIONS, INC.,
    Defendant.

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND FEDERAL ENFORCEMENT UNDER THE FAIR CREDIT REPORTING ACT (FCRA)**

### I. JURISDICTION AND VENUE

1. This action arises under the **Fair Credit Reporting Act ("FCRA")**, 15 U.S.C. §1681 et seq., a federal statute. Therefore, this Court has subject-matter jurisdiction pursuant to **28 U.S.C. §1331** and **15 U.S.C. §1681p**.
2. Venue is proper in the **United States District Court for the District of Puerto Rico** because:
   a. Plaintiff resides in Puerto Rico;
   b. Plaintiff suffered harm in Puerto Rico;
   c. Experian regularly conducts business in Puerto Rico and furnishes consumer reports to Puerto Rico residents.
3. Personal jurisdiction is proper because Experian purposely avails itself of conducting systematic credit-reporting activities affecting consumers located within the District of Puerto Rico.

### II. THE PARTIES

4. **Plaintiff, Omar J. Otero Adorno,** is a natural person and a "consumer" as defined by 15 U.S.C. §1681a(c). He resides in Manati, Puerto Rico.
5. **Defendant, Experian Information Solutions, Inc. ("Experian"),** is a nationwide consumer reporting agency ("CRA") as defined in 15 U.S.C. §1681a(f), with its principal offices located at:

   **Experian**
   475 Anton Blvd
   Costa Mesa, CA 92626

6. Experian regularly compiles, maintains, sells, and disseminates consumer reports to third parties for credit, employment, insurance, and housing decisions.

1

O.J.O.A.

### III. INTRODUCTION – SUMMARY OF THE CASE

7. This action arises from **five years** of systemic FCRA violations by Experian, including:
   - unlawful maintenance of unverified information,
   - refusal to conduct lawful reinvestigations,
   - automated dispute closures without documentation,
   - disregard of FTC reports,
   - failure to provide disclosures under §1681g,
   - and the **unlawful reinsertion** of a deleted tradeline **within three hours** of receiving a legal notice.
8. Experian's conduct culminated on **November 12, 2025,** when, only **three hours** after receiving Plaintiff's pre-litigation notice, it unlawfully reinserted the Oriental Bank auto loan tradeline previously deleted from Plaintiff's file.
9. The reinsertion occurred:
   - without furnisher certification (§1681i(a)(5)(B)(i)),
   - without documentation,
   - without reinvestigation,
   - without notice (§1681i(a)(5)(B)(ii)),
   - and with new inaccuracies not previously reported.
10. Such a rapid reinsertion—performed only hours after receiving a legal demand—constitutes **retaliatory conduct**, which federal courts consistently classify as **willful noncompliance** under §1681n.
11. Plaintiff seeks **$350,000** in actual, statutory, emotional-distress, and punitive damages, as well as injunctive relief, declaratory relief, and all remedies available under federal law.

### IV. FACTUAL ALLEGATIONS

12. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.
13. From 2020 through 2025, Plaintiff repeatedly notified Experian of serious inaccuracies, unverifiable tradelines, missing documentation, and erroneous account statuses appearing on his consumer report.
14. During this five-year period, Plaintiff submitted:

- multiple written disputes;
- online disputes;
- mailed requests for verification;
- numerous supporting documents;
- multiple FTC reports;
- consumer statements;
- and more than **two consecutive years of monthly phone calls** to Experian.

15. Despite these repeated communications, Experian failed to perform lawful reinvestigations and failed to obtain documentation from furnishers as required under 15 U.S.C. §1681i.

2

O.J.O.A.

### A. Experian Never Verified a Single Disputed Tradeline Over Five Years

16. At no point between 2020 and 2025 did Experian produce:

- any signed contracts,
- applications,
- billing records,
- payment histories,
- IP logs,
- itemized records,
- furnishers' certifications,
- or any document whatsoever supporting the accuracy of the tradelines.

17. Experian repeatedly marked accounts as **"verified"** without possessing or reviewing any underlying documentation.
18. These actions violate:

- §1681i(a)(1)(A) – duty to conduct a reasonable reinvestigation;
- §1681i(a)(2)(B) – duty to gather relevant documentation;
- §1681i(a)(4) – duty to consider consumer-submitted evidence.

### B. Experian Ignored FTC Reports and Failed to Request Additional Documentation

19. Between 2021 and 2025, Plaintiff submitted multiple reports with the Federal Trade Commission (FTC), notifying Experian of improper, unverified reporting.
20. Experian ignored each of these reports and failed to request additional information it was legally allowed to request.
21. Experian never evaluated the reports, never initiated additional verification procedures, and never provided a written explanation for its refusal to take action.
22. This conduct constitutes systemic disregard for Plaintiff's rights and direct noncompliance with federal credit-reporting standards.

### C. Experian Closed Disputes Prematurely Using Automated Templates

23. Across the five-year period, Experian repeatedly:

- closed disputes before the statutory 30-day period expired;
- issued automated, generic template responses;
- reused previous unverifiable "verifications";
- failed to review evidence submitted by Plaintiff;
- and failed to initiate new reinvestigations.

3

O.J.O.A.

24. These premature closures demonstrate reliance on automation rather than human review.
25. Courts have held that such automation-based outcomes violate §1681i and constitute willful noncompliance, including:

**Younger v. Experian** (C.D. Cal. 2020),
**Bradshaw v. Experian** (S.D. Cal. 2021),
**Dennis v. BEH-1** (9th Cir. 2008).

### D. Experian Failed to Provide Mandatory §1681g File Disclosures

26. Across multiple years, Plaintiff formally requested:

- ACDV/e-OSCAR records;
- internal dispute logs;
- reinvestigation notes;
- furnisher responses;
- documentation used to verify accounts;
- all materials required under §1681g.

27. Experian produced **none** of these disclosures.
28. The failure to provide file disclosures is a direct violation of §1681g(a), which requires CRAs to provide **"all information in the consumer's file."**

### E. Experian Continued to Report Unverified and Inaccurate Information

29. For more than five years, Experian reported tradelines containing:

- incorrect balances,
- inaccurate payment histories,
- outdated statuses,
- incomplete information,
- inconsistent coding,
- and unverifiable negative notations.

30. Experian maintained these inaccuracies despite having no documentation to support them, in violation of §1681e(b).

### F. The Most Egregious Violation — November 12, 2025 Retaliatory Reinsertion

31. On November 12, 2025, at approximately **4:00 PM,** Experian received Plaintiff's **formal legal notice** detailing its longstanding FCRA violations.
32. Within **three hours,** by approximately **7:00 PM,** Experian unlawfully **reinserted** the Oriental Bank auto loan tradeline previously deleted months earlier.
33. The reinsertion:

- lacked furnisher certification (§1681i(a)(5)(B)(i));
- lacked documentation of any kind;
- was not preceded by reinvestigation;
- was not followed by the required reinsertion notice (§1681i(a)(5)(B)(ii));
- contained new materially inaccurate information;

4

O.J.O.A.

- and occurred with no request from Plaintiff to reopen any dispute.

34. This timeline constitutes **direct, affirmative evidence of retaliatory intent**, a form of willful misconduct recognized as punitive-damages-worthy under §1681n.

## G. The Reinserted Account Contained New Inaccuracies Created Internally by Experian

35. The newly reinserted tradeline contained:

- new balance errors,
- payment history inaccuracies,
- inconsistent Metro 2 codes,
- and derogatory notations not previously reported.

36. It also appeared as **"Disputed by consumer"** despite no new dispute being filed—evidence that Experian manually manipulated the tradeline.
37. No reasonable CRA acting in good faith would reinsert a deleted account within hours of receiving a legal notice or create new inaccuracies inconsistent with all other bureaus.

## H. Experian's Conduct Caused Severe Financial, Emotional, and Reputational Harm

38. Experian's misconduct caused Plaintiff:

- repeated denials of credit;
- inflated interest rates;
- compromised housing opportunities;
- disruptions to education-related financing;
- years of stress, anxiety, and emotional distress;
- severe reputational damage;
- ongoing harm due to inaccurate reporting;
- fear of continuous reinsertion;
- financial instability.

39. Plaintiff continues to suffer present and future harm due to Experian's unlawful actions and its reliance on automated, undocumented processes.

## I. Experian's Violations Were Willful, Systemic, and Conducted With Disregard for Plaintiff's Rights

40. Experian's five-year pattern of conduct, culminating in the retaliatory reinsertion within three hours of legal notice, demonstrates:

- intentional misconduct,
- reckless disregard for federal law,
- systemic procedural failure,
- reliance on unlawful automation,
- lack of documentation retention,
- failure to follow Metro 2 and e-OSCAR standards,

5

O.J.O.A.

- and complete disregard for Plaintiff's statutory rights under the FCRA.

41. As a result, Plaintiff is entitled to actual, statutory, and punitive damages under federal law.

## V. CAUSES OF ACTION

Plaintiff incorporates all previous paragraphs as though fully stated herein.

## COUNT I

**Violation of 15 U.S.C. §1681i — Failure to Conduct a Reasonable Reinvestigation**

42. Experian is obligated under **15 U.S.C. §1681i(a)** to conduct a reasonable reinvestigation whenever a consumer disputes the completeness or accuracy of information in his consumer file.
43. Plaintiff disputed multiple tradelines between 2020 and 2025. Experian failed to:

- obtain documentation from furnishers,
- review consumer-submitted evidence,
- initiate or complete reinvestigations,
- correct or delete unverified information,
- provide results of reinvestigation,
- or conduct any meaningful verification.

44. Instead, Experian used automated templates, prematurely closed disputes, and falsely marked accounts as "verified" without possession of any underlying documents.
45. Experian's conduct constitutes a clear violation of **§1681i(a)(1)(A), §1681i(a)(2), §1681i(a)(4)**, and **§1681i(a)(5)**.
46. As a result, Plaintiff suffered actual damages, emotional distress, reputational injury, and financial harm.

## COUNT II

**Violation of 15 U.S.C. §1681e(b) — Failure to Maintain Reasonable Procedures for Maximum Possible Accuracy**

47. Experian must "follow reasonable procedures to assure maximum possible accuracy" of the information it reports.
48. From 2020 to 2025, Experian reported:

- inaccurate balances,
- incorrect payment histories,
- outdated statuses,
- inconsistent coding,
- and unverifiable negative information.

6

O.J.O.A.

49. Experian continued to report these inaccuracies despite possessing **no documentation whatsoever** to support them.
50. Experian's conduct constitutes a violation of **§1681e(b)**.

## COUNT III

**Violation of 15 U.S.C. §1681i(a)(5)(B) — Unlawful Reinsertion of Deleted Tradeline**

51. Experian is prohibited from reentering deleted information into a consumer's file unless:

- the furnisher certifies the accuracy in writing;
- Experian obtains and reviews documentation;
- Experian sends written notice of reinsertion within 5 business days.

52. On **November 12, 2025,** Experian reinserted the deleted Oriental Bank tradeline:

- without certification;
- without documentation;
- without notice;
- without reinvestigation;
- and within three hours of receiving a legal notice.

53. This reinsertion is a direct violation of **§1681i(a)(5)(B)(i)** and **§1681i(a)(5)(B)(ii)**.
54. Reinsertion without certification is a **per se violation,** meaning it is automatically unlawful.

## COUNT IV

**Violation of 15 U.S.C. §1681g — Failure to Provide Full File Disclosure**

55. Under **§1681g(a)**, a CRA must provide "all information in the consumer's file," including:

- reinvestigation notes,
- ACDV/e-OSCAR records,
- furnisher responses,
- methods of verification,
- documentation used for accuracy determinations.

56. Plaintiff repeatedly requested these disclosures. Experian failed to produce **any** of them over multiple years.
57. This refusal violates **§1681g** and prevented Plaintiff from understanding or correcting Experian's errors.

O.J.O.A.

## COUNT V

### Willful Violations Under 15 U.S.C. §1681n

58. Experian's conduct was **intentional, deliberate, and reckless**, rising to the level of willful noncompliance because:

- It ignored five years of disputes.
- It ignored FTC reports.
- It maintained information without verification.
- It relied entirely on automation.
- It reinserted a deleted account within 3 hours of receiving a legal notice.
- It refused to request or obtain documentation.
- It fabricated new inaccurate data in the reinserted account.

59. This misconduct constitutes **willful failure** to comply with the FCRA, making Experian liable for punitive damages under **§1681n(a)(2)**.

## COUNT VI

### Negligent Violations Under 15 U.S.C. §1681o

60. In addition to being willful, Experian's violations were negligent.
61. Experian breached its duties of care by failing to verify information, failing to conduct reasonable reinvestigations, and failing to correct known inaccuracies.
62. Plaintiff suffered actual damages, including financial harm, anxiety, emotional distress, reputational harm, and credit denials.

## COUNT VII

**Retaliatory Conduct — Reinsertion Within Three Hours of Legal Notice**

63. Experian's reinsertion of a deleted tradeline **three hours** after receiving Plaintiff's legal notice constitutes evidence of:

- malicious intent,
- retaliation for exercising statutory rights,
- obstruction,
- and purposeful disregard of FCRA requirements.

64. This behavior is recognized by federal courts as **willful misconduct,** fully supporting punitive damages.
65. No consumer should be subjected to retaliatory reinsertion. This is one of the most egregious violations possible under the FCRA.

8

O.J.O.A.

## COUNT VIII

### Violation of Industry Standards — Metro 2 and e-OSCAR Protocols

66. Experian failed to comply with mandatory industry protocols, including:

- Metro 2 formatting rules;
- ACDV/CDV reinsertion workflows;
- AUD 402 (Deletion & Reinsertion protocols);
- documentation retention;
- consumer-notification compliance.

67. Experian reinserted the account:

- without ACDV coding,
- without CDV process,
- without documentation,
- and without certification.

68. Industry standards violations are further evidence of willful misconduct and procedural failure.

## VI. DAMAGES

69. Plaintiff incorporates all preceding paragraphs.
70. As a direct and proximate result of Experian's unlawful actions—including willful violations, negligent procedures, unlawful reinsertion, automation-based closures, disregard of FTC reports, and systemic failure to conduct reinvestigations—Plaintiff suffered significant damages across multiple legally recognized categories.

### A. Actual Damages — $75,000

71. Plaintiff suffered **actual, quantifiable financial harm**, including:

- denial of credit opportunities,
- inflated interest rates,
- financial instability,
- interruption of educational financing,
- harm to housing opportunities,
- multi-year impairment of creditworthiness,
- loss of favorable financial terms,
- and substantial time and resources spent attempting to correct Experian's errors.

72. These damages are compensable under **15 U.S.C. §1681o(a)(1)** and supported by federal case law authorizing actual damages for financial loss and credit impairment.

9

O.J.O.A.

### B. Emotional Distress and Reputational Harm — $100,000

73. For over five years, Plaintiff experienced:

- chronic stress,
- anxiety,
- loss of sleep,
- humiliation,
- reputational injury,
- fear of future reinsertions,
- frustration from Experian's refusal to correct his file,
- emotional exhaustion.

74. Federal courts—including *Cortez v. TransUnion*, *Younger v. Experian*, *Bradshaw v. Experian*—have repeatedly recognized that **emotional distress is compensable** under the FCRA.
75. Plaintiff therefore seeks **$100,000** for emotional distress, reputational harm, and mental suffering caused by Experian's multi-year misconduct.

### C. Statutory Damages — $1,000

76. Because Experian's violations are willful under §1681n, Plaintiff is entitled to statutory damages of up to $1,000.
77. These damages are standard and do not preclude or reduce punitive or actual damages.

### D. Punitive Damages — $150,000

78. Punitive damages are warranted where a CRA acts with:

- reckless disregard,
- retaliatory motive,
- intentional misconduct,
- refusal to comply with statutory duties,
- or deliberate avoidance of required procedures.

79. Experian's conduct—specifically the **unlawful reinsertion of a deleted account within three hours of receiving a legal notice**—constitutes one of the most egregious forms of FCRA misconduct.
80. Experian ignored:

- §1681i reinvestigation duties,
- §1681i(a)(5)(B) reinsertion certification rules,
- §1681g disclosure duties,
- §1681e(b) accuracy obligations,
- Metro 2 and e-OSCAR protocols,
- and standards of fair dealing expected of a national CRA.

81. Plaintiff seeks **$150,000 in punitive damages,** an amount proportionate to the severity of Experian's misconduct and consistent with the need for deterrence.

### E. Total Damages Requested — $350,000

82. Accordingly, Plaintiff requests the following:

- **$75,000** — Actual Damages
- **$100,000** — Emotional Distress & Reputational Harm
- **$1,000** — Statutory Damages
- **$150,000** — Punitive Damages

**Total: $350,000**

83. These amounts are reasonable, justified, and proportionate to the multi-year harm caused by Experian.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and award the following relief:

a. Compensatory and actual damages in an amount not less than **$75,000**;
b. Statutory damages under 15 U.S.C. §1681n;
c. Emotional distress and reputational damages not less than **$100,000**;
d. Punitive damages in an amount not less than **$150,000**;
e. Injunctive relief ordering Experian to:

- permanently delete the unlawful reinsertion;
- correct all inaccurate and unverified information;
- produce full §1681g disclosures;
- adopt reasonable procedures to ensure accuracy;
- cease retaliatory practices;
    f. Declaratory relief;
    g. Costs of litigation;
    h. Any further relief the Court deems just and proper.

## VIII. FINAL STATEMENT — RULE OF LAW, FEDERAL ACCOUNTABILITY, AND THE INTEGRITY OF THE CREDIT REPORTING SYSTEM

85. The United States is a nation governed by the rule of law. No individual, corporation, or financial entity is exempt from the constitutional safeguards, statutory duties, and judicial oversight that protect every citizen's economic reputation and due process rights.
86. For more than five years, **Experian** engaged in conduct that undermines the foundational principles upon which the Fair Credit Reporting Act was enacted: accuracy, fairness, accountability, and protection of the American consumer.
87. The systemic failures described in this Complaint—automation in place of investigation, refusal to verify information, disregard of statutory procedures, unlawful reinsertion, and prolonged harm inflicted upon Plaintiff—are not clerical oversights.
    They represent a breakdown in compliance, a failure of

11

O.J.O.A.

corporate duty, and a departure from federally mandated standards.

88. Congress has repeatedly emphasized that the integrity of the national credit reporting system is vital to the nation's financial stability and to the economic rights of millions of Americans. When a credit reporting agency such as Experian disregards federal law, it does not merely harm an individual consumer—it jeopardizes the credibility of the entire system.

89. Plaintiff brings this action not only to vindicate his own rights, but to reinforce the legal principle that **no corporation operating within the United States may selectively comply with federal law**.

    The FCRA is not optional.

    The mandates of §1681e(b) and §1681i are not advisory.

    The requirement of accuracy is not discretionary.

90. The violations in this case strike at the heart of Congress's intent: that every American be judged by accurate, verified, and lawfully maintained information. When a corporation repeatedly ignores this mandate, the federal judiciary exists to ensure accountability, restore accuracy, and uphold the rule of law.

91. Plaintiff respectfully submits this matter to this Honorable Court with full confidence that the judiciary will enforce the protections guaranteed by Congress and ensure that the rights of the consumer are not subordinated to automation, negligence, retaliation, or corporate indifference.

## IX. JURY TRIAL DEMAND

92. Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## X. PLAINTIFF'S RESERVATION OF EVIDENCE

*Plaintiff respectfully states that he holds all supporting evidence, documents, screenshots, notices, correspondence, and records referenced throughout this Complaint. Plaintiff will file the complete set of Exhibits in chronological order once the case is formally docketed, or as directed by the Honorable Court. Plaintiff further reserves the right to produce all evidence during the discovery phase pursuant to the Federal Rules of Civil Procedure.*

DATED: November, 21, 2025.
San Juan, Puerto Rico

Respectfully submitted

/s/ Omar J. Otero Adorno

_____

**OMAR J. OTERO ADORNO**

*Plaintiff PRO SE*

25 ave 6 Urb. Los Rosales
Manati, Puerto Rico

Email: omy.0011@gmail.com

Phone: (787) 549-6901

*Submitted:*
*THE UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF PUERTO RICO*